EDWARD M. WOLKOWITZ (SBN 68298)
emw@lnbyb.com
ANTHONY A. FRIEDMAN (SBN 201955)
aaf@lnbyb.com
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244

Proposed Attorneys for Plaintiff, Elissa D. Miller, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>**MARY KODJOGLIAN,**<br><br>Debtor. | **CASE NO.:  2:18-bk-18245-RK**<br><br>**Chapter 7**<br><br>**Adv. No.  2:19-ap-          RK** |
| **ELISSA D. MILLER, Chapter 7 Trustee,**<br><br>Plaintiff,<br><br>v.<br><br>**SIMON AGOPIAN,**<br><br>Defendant. | **COMPLAINT:**<br><br>**(1)    AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER**<br><br>**(2)    FOR DECLARATORY RELIEF;**<br><br>**(3)    TURNOVER OF PROPERTY; AND**<br><br>**(4)    SALE OF INTEREST OF CO-OWNER IN PROPERTY OF THE ESTATE;**<br><br>**[California Civil Code § 3439, 11 U.S.C. §§ 363, 542, 544, 548 and 550]** |

**TO THE HONORABLE ROBERT N. KWAN, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Elissa D. Miller, Chapter 7 Trustee (the "Trustee" or "Trustee") for the bankruptcy estate of *In re Mary Kodjoglian* (the "Debtor"), avers as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and 11 U.S.C. §§ 363, 542, 544, 548 and 550 and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 13-05, dated July 1, 2013.

2.     This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (H), and (O).

3.     The Trustee consents to entry of final orders and judgments by the Bankruptcy Court.

4.     Venue is proper in this Court under 28 U.S.C. § 1409(a) as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this district.

### PARTIES AND GENERAL ALLEGATIONS

5.     This bankruptcy case was commenced by the filing of a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, by the Debtor, on July 18, 2018 (the "Petition Date").

6.     Thereafter, Trustee Elissa D. Miller being duly qualified, was appointed and presently is the acting Chapter 7 Trustee of the Debtor's bankruptcy estate.

7.     The Trustee is informed and believes, and based thereon alleges that defendant Simon Agopian ("Defendant") is an individual residing in Burbank, California and is subject to the jurisdiction of this Court.  The Defendant is the non-filing ex-spouse of the Debtor.

## **GENERAL ALLEGATIONS**

8.      The Trustee is informed and believes, and based thereon alleges that on or about November 7, 1985, the Debtor and the Defendant were married.

9.      The Trustee is informed and believes, and based thereon alleges that on or about August 8, 2017, a judgment for the dissolution of the Debtor's and Defendant's marriage was entered (the "Judgment"). A true and correct copy of the Judgment is attached hereto as **Exhibit "1"**.

10.     The Trustee is informed and believes, and based thereon alleges that on or about October 19, 2016, the Debtor and Defendant obtained title to that certain real property located at 1626 Idlewood Road, Glendale, CA 91202 (the "Property"), as husband and wife as joint tenants, by way of Grant Deed recorded in the County of Los Angeles (the "First Grant Deed").   A true and correct copy of the First Grant Deed is attached hereto as **Exhibit "2"**.

11.     The Trustee is informed and believes, and based thereon alleges that on or about May 5, 2017, a Grant Deed was recorded in the Los Angeles County Recorder's Office (the "Second Grant Deed") whereby the Property was transferred from "Simon Agopian, an unmarried man and Mary Kodjoglian, an unmarried woman who acquired title as husband and wife as joint tenants" to "Simon Agopian, an unmarried man" (the "Transfer"). A true and correct copy of the Second Grant Deed evidencing the Transfer is attached hereto as **Exhibit "3"**.

12.     The Transfer was a transfer of an interest of the Debtor in the Property.

13.     The Trustee is informed and believes, and based thereon alleges that the Transfer was made for less than reasonably equivalent consideration as no consideration was paid for the Transfer.  The Second Grant Deed states that "This is a bonafide gift and grantor received nothing in return."

14.     According to Debtor's Schedule F, the Debtor had at least one creditor, specifically, Nordstrom, as of the time of the Transfer.

15.     The Trustee reserves her right to supplement and amend the allegations contained in this Complaint, including, but not limited to, the right to (i) allege further information regarding all Claims for Relief, including additional transfers of interests in the Debtor's assets or additional liabilities incurred by the Debtor, (ii) make modifications and/or revisions to Defendant's name(s), (iii) allege claims against additional defendants, and/or (iv) allege additional causes of action arising in connection with the law and facts set forth herein (collectively, the "Amendments"), that may become known to the Trustee at any time during this adversary proceeding through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## FIRST CLAIM FOR RELIEF

(Avoidance and Recovery of Voidable Transfer Pursuant to 11 U.S.C. §§ 544(b) and 550(a) and California Civil Code § 3439.04(a)(2) and 3439.07)

16.     The Trustee realleges each and every allegation contained in paragraphs 1 through 15, inclusive, of this Complaint as if set forth fully herein.

17.     The Trustee is informed and believes and based thereon alleges that the Debtor made the Transfer to Defendant without receiving a reasonably equivalent value in exchange for the Transfer as the Transfer was made for no consideration.

18.     The Trustee is informed and believes and based thereon alleges that at the time the Debtor made the Transfer, the Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction.

19.     The Trustee is informed and believes and based thereon alleges that at the time the Debtor made the Transfer, the Debtor intended to incur, or believed or reasonably should have believed that she would incur, debts beyond his ability to pay as they became due.

20.     The Transfer constitutes a voidable transfer under 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 et seq. and, therefore, is avoidable by the Trustee.

**SECOND CLAIM FOR RELIEF**

(Avoidance and Recovery of Voidable Transfer Pursuant to 11 U.S.C. §§ 544(b) and 550(a) and

California Civil Code § 3439.05 and 3439.07)

21.    Trustee realleges each and every allegation contained in paragraphs 1 through 20, inclusive, of this Complaint as if set forth fully herein.

22.    The Trustee is informed and believes and based thereon alleges that the Debtor made the Transfer to Defendant without receiving a reasonably equivalent value in exchange for the Transfer as the Transfer was made for no consideration.

23.    The Trustee is informed and believes and based thereon alleges that the Debtor was insolvent at the time of the Transfer or became insolvent as a result of the Transfer in that the sum of the Debtor's debts exceeded all of the Debtor's nonexempt assets.

24.    The Transfer constitutes a voidable transfer under 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 et seq. and, therefore, is avoidable by the Trustee.

**THIRD CLAIM FOR RELIEF**

(Avoidance and Recovery of Voidable Transfer Pursuant to

11 U.S.C. §§ 548(a)(1)(B) and 550(a))

25.    The Trustee realleges each and every allegation contained in paragraphs 1 through 24, inclusive, of this Complaint as if set forth fully herein.

26.    Trustee is informed and believes and based thereon alleges that the Debtor received less than reasonably equivalent value in exchange for the Transfer as the Transfer was made for no consideration.

27.    The Trustee is informed and believes and based thereon alleges that by virtue of the Transfer, the Debtor was insolvent or became insolvent as a result of such Transfer in that the sum of the Debtor's debts exceeded all of the Debtor's nonexempt assets.

28.    The Trustee is informed and believes and based thereon alleges that by virtue of the Transfer, the Debtor was engaged in or was about to engage in a business or a transaction for

which any property remaining with the Debtor was an unreasonably small capital.

29.    The Trustee is informed and believes, and based thereon alleges that by virtue of the Transfer, the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

30.    The Trustee is informed and believes, and based thereon alleges that by virtue of the Transfer, the Debtor made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

31.    The Transfer constitutes a voidable transfer under 11 U.S.C. § 548(a)(1)(B) and therefore is avoidable by Trustee.

## FOURTH CLAIM FOR RELIEF

### (To Recover Avoided Transfer - 11 U.S.C. § 550)

32.    The Trustee realleges each and every allegation contained in paragraphs 1 through 31, inclusive, of this Complaint as if set forth fully herein.

33.    The Trustee is informed and believes, and based thereon alleges, that the Defendant is initial transferee of the Transfer, or that he was the individual for whose benefit the Transfer was made, or that he was the immediate or mediate transferee of the initial transferee receiving the Transfer.

34.    Upon avoidance of the Transfer, Trustee is entitled to recover from the Defendant the Property that was transferred or the value of the Property that was transferred, for the benefit of the Debtor's estate pursuant to 11 U.S.C. § 550.

## FIFTH CLAIM FOR RELIEF

### (For Declaratory Relief)

35.    The Trustee realleges and incorporates herein by this reference the foregoing paragraphs 1 through 34 of this Complaint as if set forth in full herein.

/ / /

36.    At the time that the Debtor and Defendant obtained title to the Property pursuant to the First Grant Deed they were married.

37.    The First Grant Deed provides that the Debtor and Defendant obtained title to the Property as husband and wife as joint tenants.

38.    The Trustee is informed and believes, and based thereon alleges that the Property was obtained while the Debtor and Defendant were married, thus, the Trustee contends that the Property can be treated as community property and sold in its entirety by the Trustee in accordance with 11 U.S.C. §541(a)(2) and reliance on *Valli v. Valli (In re Marriage of Valli)*, 58 Cal.4th 1396, 1400 (2014) (the bankruptcy court also determined that while avoidance of the transfers restored title to the couple as joint tenants, under California's community property presumption, the entirety of each property was recoverable by the estate.) and *In Re Obedian*, 546 B.R. 409 (Bankr. C.D. Cal. 2016).

39.    The Trustee seeks judicial determination by this Court that the Property shall be treated as community property and sold in its entirety by the Trustee in accordance with 11 U.S.C. §541(a)(2) and reliance on *Valli v. Valli (In re Marriage of Valli)*, 58 Cal.4th 1396, 1400 (2014) and *In Re Obedian*, 546 B.R. 409 (Bankr. C.D. Cal. 2016).

## SIXTH CLAIM FOR RELIEF

(Against Defendant For Turnover of Property - 11 U.S.C. § 542)

40.    The Trustee incorporates herein by reference the foregoing paragraphs 1 through 39 of this Complaint as if set forth fully herein.

41.    The Property constitutes property of the estate pursuant to 11 U.S.C. § 541.

42.    The Trustee is informed and believes, and based thereon alleges that the Defendant is in possession of the Property.

43.    The Property should be turned over to the Trustee pursuant to 11 U.S.C. § 542 so the Property can be marketed and sold for the benefit of the Debtor's creditors.

/ / /

## SEVENTH CLAIM FOR RELIEF

### (Against Defendant To Sell Interest of Co-Owner – 11 U.S.C. § 363(h))

44.    The Trustee incorporates herein by reference the foregoing paragraphs 1 through 43 of this Complaint as if set forth in full herein.

45.    The Trustee desires to sell both the estate's interest in the Property together with the remaining interest in the Property of Defendant, if any.

46.    The Trustee is informed and believes and based thereon alleges that partition in kind of the Property between the estate and Defendant is impracticable.

47.    The Trustee is informed and believes and based thereon alleges that the sale of the estate's undivided interest in the Property would realize significantly less for the estate than the sale of the Property free of the interest of Defendant.

48.    The Trustee is informed and believes and based upon such information and belief alleges that the benefit to the estate of a sale of the Property free of the interest of Defendant outweighs the detriment, if any, to Defendant.

49.    The Trustee is informed and believes and based upon such information and belief alleges that the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

## PRAYER FOR RELIEF

**WHEREFORE,** the Trustee prays for judgment as follows:

On the First Claim for Relief:

A.    For a judgment against the Defendant avoiding the Transfer pursuant to 11 U.S.C. §§ 544(b) and 550(a) and California Civil Code § 3439.04(a)(2) and 3439.07; and

B.    For such other and further relief as the Court deems just and proper.

On the Second Claim for Relief

C.    For a judgment against the Defendant avoiding the Transfer pursuant to 11 U.S.C. §§ 544(b) and 550(a) and California Civil Code § 3439.05 and 3439.07; and

D.     For such other and further relief as the Court deems just and proper.

On the Third Claim for Relief:

E.     A judgment against the Defendant avoiding the Transfer pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550(a); and

F.     For such other and further relief as the Court deems just and proper.

On the Fourth Claim for Relief

G.     For a judgment against the Defendant recovering the Property or the value thereof pursuant to 11 U.S.C. § 550; and

H.     For such other and further relief as the Court deems just and proper.

On the Fifth Claim for Relief:

I.     A judicial determination by this Court that the Property shall be treated as community property and sold in its entirety by the Trustee in accordance with 11 U.S.C. §541(a)(2) and, among other things, reliance on  *Valli v. Valli (In re Marriage of Valli)*, 58 Cal.4th 1396, 1400 (2014) and *In Re Obedian*, 546 B.R. 409 (Bankr. C.D. Cal. 2016); and

J.     For such other and further relief as the Court deems just and proper.

On the Sixth Claim for Relief:

K.     For a judgment compelling the Defendant to turn over the Property to the Trustee pursuant to 11 U.S.C. § 542; and

L.     For such other and further relief as the Court deems just and proper.

On the Seventh Claim for Relief

M.     For a judgment permitting the Trustee to sell the interest of the bankruptcy estate and the interests of Defendant in the Property pursuant to 11 U.S.C. § 363(h); and

N.     For such other and further relief as the Court deems just and proper.

/ / /

/ / /

/ / /

<u>As to All Claims for Relief:</u>

O.    For costs of suit incurred herein, including, without limitation, attorneys' fees.

P.    For such other and further relief, which this Court deems just and appropriate.

DATED: January 17, 2019                    LEVENE, NEALE, BENDER,
                                           YOO & BRILL L.L.P.


                                           By:    /s/ Anthony A. Friedman
                                                  EDWARD M. WOLKOWITZ
                                                  ANTHONY A. FRIEDMAN
                                           Proposed Attorneys for Plaintiff, Elissa D. Miller,
                                           Chapter 7 Trustee for the Bankruptcy Estate
                                           of Mary Kodjoglian

# EXHIBIT 1

FL-190

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*

Mary Kodjoglian
52 Glenflow Court
Glendale, CA 91206
TELEPHONE NO: (818) 731-6083     FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: In Pro Per

*FOR COURT USE ONLY*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 300 E. Walnut St.
MAILING ADDRESS: 300 E. Walnut St.
CITY AND ZIP CODE: Pasadena, CA 91101
BRANCH NAME: Northeast District

PETITIONER: Mary Kodjoglian

RESPONDENT: Simon Agopian

**CONFORMED COPY
ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**AUG 08 2017**

Sherri R. Carter, Executive Officer/Clerk
By: Karli Xanthos, Deputy

**NOTICE OF ENTRY OF JUDGMENT**

CASE NUMBER:
GD 061695

---

You are notified that the following judgment was entered on *(date)*: AUG 0 8 2017

1. ☒ Dissolution
2. ☐ Dissolution - status only
3. ☐ Dissolution - reserving jurisdiction over termination of marital status or domestic partnership
4. ☐ Legal separation
5. ☐ Nullity
6. ☐ Parent-child relationship
7. ☐ Judgment on reserved issues
8. ☐ Other *(specify)*:

Date: AUG 0 8 2017

SHERRI R. CARTER                     Clerk, by _K Xanthos_ , Deputy

**-NOTICE TO ATTORNEY OF RECORD OR PARTY WITHOUT ATTORNEY-**

Under the provisions of Code of Civil Procedure section 1952, if no appeal is filed the court may order the exhibits destroyed or otherwise disposed of after 60 days from the expiration of the appeal time.

---

**STATEMENT IN THIS BOX APPLIES ONLY TO JUDGMENT OF DISSOLUTION**
Effective date of termination of marital or domestic partnership status *(specify)*: NOV 0 3 2017
**WARNING: Neither party may remarry or enter into a new domestic partnership until the effective date of the termination of marital or domestic partnership status, as shown in this box.**

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that I am not a party to this cause and that a true copy of the *Notice of Entry of Judgment* was mailed first class, postage fully prepaid, in a sealed envelope addressed as shown below, and that the notice was mailed

at *(place)*: Pasadena                        California, on *(date)*: SEP 13 2017

Date: SEP 13 2017     SHERRI R. CARTER      Clerk, by _K Xanthos_ , Deputy

Name and address of petitioner or petitioner's attorney
Mary Kodjoglian
52 Glenflow Court
Glendale, CA 91206

Name and address of respondent or respondent's attorney
Simon Agopian
1626 Idlewood Rd.
Glendale, CA 91202

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
FL-190 [Rev. January 1, 2005]

**NOTICE OF ENTRY OF JUDGMENT**
**(Family Law-Uniform Parentage-Custody and Support)**

Family Code, §§ 2338, 7636, 7637
www.courtinfo.ca.gov

Mary Kodjoglian

Marvin Deane's
ESSENTIAL FORMS™

**FL-180**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br><br>Mary Kodjoglian<br>52 Glenflow Court<br>Glendale, CA 91206<br>TELEPHONE NO.: (818) 731-6083    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* In Pro Per | **FOR COURT USE ONLY**<br><br>**CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**AUG 08 2017**<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Karli Xanthos, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 300 E. Walnut St.
MAILING ADDRESS: 300 E. Walnut St.
CITY AND ZIP CODE: Pasadena, CA 91101
BRANCH NAME: Northeast District

**MARRIAGE OR PARTNERSHIP OF**
PETITIONER: Mary Kodjoglian

RESPONDENT: Simon Agopian

| | |
|---|---|
| **JUDGMENT**<br>[X] **DISSOLUTION**    [ ] **LEGAL SEPARATION**    [ ] **NULLITY**<br>  [ ] **Status only**<br>  [ ] **Reserving jurisdiction over termination of marital or domestic**<br>    **partnership status**<br>  [ ] **Judgment on reserved issues**<br>Date marital or domestic partnership status ends: NOV 0 3 2017 | **CASE NUMBER:**<br>GD 061695 |

1. [ ] This judgment [ ] contains personal conduct restraining orders [ ] modifies existing restraining orders.
   The restraining orders are contained on page(s) _____ of the attachment. They expire on *(date):*

2. This proceeding was heard as follows: [X] Default or uncontested [X] By declaration under Family Code section 2336
   [ ] Contested [ ] Agreement in court
   a. Date: AUG 0 8 2017                                    Room:
   b. Judicial officer *(name):* MARJORIE S. STEINBERG          Dept.: M      [ ] Temporary judge
   c. [ ] Petitioner present in court *(name):*      [ ] Attorney present in court *(name):*
   d. [ ] Respondent present in court *(name):*      [ ] Attorney present in court *(name):*
   e. [ ] Claimant present in court *(name):*                          [ ] Attorney present in court *(name):*
   f. [ ] Other *(specify name):*

3. The court acquired jurisdiction of the respondent on *(date):* 5/2/2017
   a. [X] The respondent was served with process.
   b. [ ] The respondent appeared.

**THE COURT ORDERS, GOOD CAUSE APPEARING**

4. a. [X] Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the
   status of single persons
     (1) [X] on *(specify date):* NOV 0 3 2017
     (2) [ ] on a date to be determined on noticed motion of either party or on stipulation.
   b. [ ] Judgment of legal separation is entered.
   c. [ ] Judgment of nullity is entered. The parties are declared to be single persons on the ground of *(specify):*


   d. [ ] This judgment will be entered nunc pro tunc as of *(date):*
   e. [ ] Judgment on reserved issues.
   f. [ ] The [ ] petitioner's [ ] respondent's former name is restored to *(specify):*
   g. [ ] Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
   h. [ ] This judgment contains provisions for child support or family support. Each party must complete and file with the court a
   *Child Support Case Registry Form* (form FL-191) within 10 days of the date of this judgment. The parents must notify the
   court of any change in the information submitted within 10 days of the change, by filing an updated form. The *Notice
   of Rights and Responsibilities—Health-Care Costs and Reimbursement Procedures and Information Sheet on Changing a
   Child Support Order* (form FL-192) is attached.

---

Form Adopted for Mandatory Use
Judicial Council of California
FL-180 [Rev. July 1, 2012]

Martin Dean's
ESSENTIAL FORMS™

**JUDGMENT**
**(Family Law)**

Family Code, §§ 2024, 2340,
2343, 2346
www.courts.ca.gov

Page 1 of 2

Mary Kodjoglian

FL-180

| CASE NAME (Last name, first name of each party):<br>Kodjoglian, Mary v. Agopian, Simon | CASE NUMBER:<br>GD 061695 |
|---|---|

4.  i. ☐  The children of this marriage or domestic partnership are:
    (1) ☐  Name                                  Birthdate

    (2) ☐  Parentage is established for children of this relationship born prior to the marriage or domestic partnership

  j. ☐  Child custody and visitation (parenting time) are ordered as set forth in the attached
    (1) ☐  Settlement agreement, stipulation for judgment, or other written agreement which contains the information
        required by Family Code section 3048(a).
    (2) ☐  *Child Custody and Visitation Order Attachment* (form FL-341).
    (3) ☐  *Stipulation and Order for Custody and/or Visitation of Children* (form FL-355).
    (4) ☐  Previously established in another case. Case number:             Court:

  k. ☐  Child support is ordered as set forth in the attached
    (1) ☐  Settlement agreement, stipulation for judgment, or other written agreement which contains the declarations
        required by Family Code section 4065(a).
    (2) ☐  *Child Support Information and Order Attachment* (form FL-342).
    (3) ☐  *Stipulation to Establish or Modify Child Support and Order* (form FL-350).
    (4) ☐  Previously established in another case. Case number:             Court:

  l. ☒  Spousal, domestic partner, or family support is ordered:
    (1) ☐  Reserved for future determination as relates to ☐ petitioner ☐ respondent
    (2) ☐  Jurisdiction terminated to order spousal or partner support to ☐ petitioner ☐ respondent
    (3) ☐  As set forth in the attached *Spousal, Partner, or Family Support Order Attachment* (form FL-343).
    (4) ☐  As set forth in the attached settlement agreement, stipulation for judgment, or other written agreement.
    (5) ☒  Other (specify): See Marital Settlement Agreement.

  m. ☒  Property division is ordered as set forth in the attached
    (1) ☐  Settlement agreement, stipulation for judgment, or other written agreement.
    (2) ☐  *Property Order Attachment to Judgment* (form FL-345).
    (3) ☒  Other (specify): See Marital Settlement Agreement.

  n. ☐  Attorney fees and costs are ordered as set forth in the attached
    (1) ☐  Settlement agreement, stipulation for judgment, or other written agreement.
    (2) ☐  *Attorney Fees and Costs Order* (form FL-346).
    (3) ☐  Other (specify):

  o. ☒  Other (specify): There are no minor children of the parties. See Marital
                Settlement Agreement.

Each attachment to this judgment is incorporated into this judgment, and the parties are ordered to comply with each attachment's provisions. Jurisdiction is reserved to make other orders necessary to carry out this judgment.

Date: _____

                                      JUDICIAL OFFICER

5. Number of pages attached: 06 _____     ☒ SIGNATURE FOLLOWS LAST ATTACHMENT

**NOTICE**

Dissolution or legal separation may automatically cancel the rights of a spouse or domestic partner under the other spouse's or domestic partner's will, trust, retirement plan, power of attorney, pay-on-death bank account, transfer-on-death vehicle registration, survivorship rights to any property owned in joint tenancy, and any other similar property interest. It does not automatically cancel the rights of a spouse or domestic partner as beneficiary of the other spouse's or domestic partner's life insurance policy. You should review these matters, as well as any credit cards, other credit accounts, insurance policies, retirement plans, and credit reports, to determine whether they should be changed or whether you should take any other actions.

A debt or obligation may be assigned to one party as part of the dissolution of property and debts, but if that party does not pay the debt or obligation, the creditor may be able to collect from the other party.

An earnings assignment may be issued without additional proof if child, family, partner, or spousal support is ordered.

Any party required to pay support must pay interest on overdue amounts at the "legal rate," which is currently 10 percent.

| FL-180 [Rev. July 1, 2012] | **JUDGMENT**<br>**(Family Law)** | Page 2 of 2 |
|---|---|---|

Martin Dean's ESSENTIAL FORMS™                                     Mary Kodjoglian

# MARITAL SETTLEMENT AGREEMENT
## CASE NO:  GD 061695

I, MARY KODJOGLIAN, Petitioner, and I, SIMON AGOPIAN, Respondent, agree as follows:

I.   **GENERALLY:**  We are now husband and wife.  We were married on 11/07/1985, and separated on 03/01/2016.  We make this agreement with reference to the following facts:

    A. **Children:**  There are no minor children of the parties.

    B. Unhappy and irreconcilable differences have arisen between us which have caused the irremediable breakdown of our marriage.

    C. We now intend, by this agreement, to make final and complete settlement of all our rights and obligations concerning spousal support and division of the marital property and debts.

II.   **SEPARATION:**  We agree to live separately and apart, and except for the duties and obligations imposed and assumed under this agreement, each shall be free from interference and control of the other as fully as if he or she were single.

III.   **SPOUSAL SUPPORT:**  The parties agree that the following amount of spousal support does completely meet the current needs of the recipient for support.

    A. In consideration of the other terms of this agreement, and whereas both parties are fully self-supporting, both parties voluntarily waive their right to receive spousal support from the other party, now or at any time in the future, and agree that no court shall have jurisdiction to order spousal support in the future.  The parties agree that the earning capacity of each party is sufficient to maintain the standard of living established during the marriage.  The parties understand that either party could ask the court to

INITIALS
_M.K._ (MK)
_S. A._ (SA)

retain jurisdiction over the subject of spousal support. The parties acknowledge their right to a hearing in this matter and waive all such rights. The parties understand that, if requested by either party, the court is required by law to reserve spousal support for long-term marriages of over ten years, and may do so for marriages shorter than ten years. Even so, each party waives the right to receive spousal support now or any time in the future.

B. The parties stipulate and agree that said spousal support waiver is final, irrevocable, and cannot be modified by Court order in amount or duration for any reason whatsoever, regardless of a change of circumstances of either or both of the parties or for any other reason or cause, including illness or medical condition of any nature or kind, change of employment, or change in the respective income of the parties. The parties agree that no court shall have or retain jurisdiction, authority, or power to alter, modify, reduce, or extend the termination date or otherwise order any spousal support payments beyond the date of entry of judgment. The parties agree that the judgment will terminate forever both parties' rights to request spousal support. Each party waives their rights under *In re Marriage of Vomacka* (1984) 36 Cal.3d. 459 and all subsequent cases.

## IV.    DIVISION OF COMMUNITY PROPERTY AND DEBTS: The parties agree as follows:

A. Petitioner shall be awarded and assigned the following assets as her share of the community property:

There are no community assets to be assigned to the Petitioner.

B. Respondent shall be awarded and assigned the following assets as his share of the community property:

There are no community assets to be assigned to the Respondent.

C. Petitioner shall pay the following debts promptly when due, and indemnify and hold Respondent harmless therefrom:

INITIALS
 (MK)
(SA)

There are no community debts to be assigned to the Petitioner.

    D. Respondent shall pay the following debts promptly when due, and indemnify and hold Petitioner harmless therefrom:

There are no community debts to be assigned to the Respondent.

**V.    DIVISION OF SEPARATE PROPERTY AND DEBTS:** The parties agree as follows:

    A. Petitioner shall be awarded and assigned the following assets as her separate property:

There are no separate property assets to be assigned to the Petitioner.

    B. Respondent shall be awarded and assigned the following assets as his separate property:

There are no separate property assets to be assigned to the Respondent.

    C. Petitioner shall pay the following separate debts promptly when due, and indemnify and hold Respondent harmless therefrom:

There are no separate property assets to be assigned to the Petitioner.

    D. Respondent shall pay the following debts promptly when due, and indemnify and hold Petitioner harmless therefrom:

There are no separate property debts to be assigned to the Respondent.

**VI.    PENSION PLAN WAIVER:** The parties agree that any separately held pension and/or retirement plans shall remain the sole and exclusive property of the individual in whose name said policies exist.

**VII.    TAXES:** The parties agree as follows:

    A. Both parties shall each file separate returns from the current calendar year.



INITIALS
_____(MK)
_____(SA)

VIII. **RESERVATION OF JURISDICTION:** The parties agree that the court shall have jurisdiction to make whatever orders may be necessary or desirable to carry out this agreement and to divide equally between the parties any community assets or liabilities omitted from division under this agreement.

IX. **ADVICE OF COUNSEL:** The parties recognize that the termination of the marriage, issues of spousal support and division of marital property and debts will be determined by this instrument. We recognize that we each have the right to seek advice from independent counsel of our own choosing and that we knowingly and with due regard for the importance of same have elected to proceed with this agreement.

X. **EXECUTION OF INSTRUMENTS:** Each agrees to execute and deliver any documents, make all endorsements, and do all acts which are necessary or convenient to carry out the terms of this agreement shall be preserved.

XI. **PRESENTATION TO COURT:** This agreement shall be presented to the court in any divorce proceeding between the parties, it shall be incorporated into the Judgment therein, the parties shall be ordered to comply with all its provisions and all warranties and remedies provided in this agreement shall be preserved.

XII. **DISCLOSURES:** Each party has made a full and honest disclosure to the other of all current finances and assets, and each enters into this agreement in reliance thereon. Each warrants to the other and declares under penalty of perjury that the assets and liabilities divided in this agreement constitute all of their community assets and liabilities.



INITIALS
_____(MK)
_____(SA)

**XIII.   BINDING EFFECT:** This agreement, and each provision thereof, is expressly made binding upon heirs, assigns, executors, administrators, representatives, and successors in interest of each party.


DATED: _07/06/17_     _____
                       MARY KODJOGLIAN, Petitioner, In Pro Per


DATED: _7-10-17_     _____
                       SIMON AGOPIAN, Respondent, In Pro Per



BY THE COURT IT IS SO ORDERED:




DATED: AUG 0 8 2017     _____
                       JUDGE OF THE SUPERIOR COURT




INITIALS
_____ (MK)
_____ (SA)

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                     CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                               )
County of _____Los Angeles_____              )

On __7-10-17__ before me, _____Shabbir Azam Notary Public_____,
     Date                                   Here Insert Name and Title of the Officer
personally appeared ____Simon Agopian_____
                                Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

SHABBIR AZAM
COMM. # 2147421
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Comm. Exp. Apr. 21, 2020

Signature _____
                 Signature of Notary Public

            Place Notary Seal Above
——————————————— OPTIONAL ———————————————
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _____ Document Date: _____
Number of Pages: _____ Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____        Signer's Name: _____
☐ Corporate Officer — Title(s): _____        ☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General             ☐ Partner — ☐ Limited ☐ General
☐ Individual        ☐ Attorney in Fact         ☐ Individual        ☐ Attorney in Fact
☐ Trustee           ☐ Guardian or Conservator   ☐ Trustee           ☐ Guardian or Conservator
☐ Other: _____                    ☐ Other: _____
Signer Is Representing: _____          Signer Is Representing: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5907

# EXHIBIT 2



**This page is part of your document - DO NOT DISCARD**



## 20161281163



**Pages:**
0003

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**10/19/16 AT 08:00AM**

| | |
|---|---|
| FEES: | 25.00 |
| TAXES: | 1,122.00 |
| OTHER: | 0.00 |
| PAID: | 1,147.00 |



**L E A D S H E E T**



201610190140001

00012801994



007882052

**SEQ:**
**02**

DAR - Title Company (Hard Copy)

**THIS FORM IS NOT TO BE DUPLICATED**

T39

RECORDED AT THE REQUEST OF
CHICAGO TITLE COMPANY
RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:

Ms. Mary Kodjoglian
1626 Idlewood Road
Glendale, CA  91202



10/19/2016

*20161281163*

THIS SPACE FOR RECORDER'S USE ONLY·

AP#: 5629-012-003                **GRANT DEED**

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
**DOCUMENTARY TRANSFER TAX is** $ 1,722.00
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area    [X] City of Glendale **AND**

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Armine Petrosian, a Married Woman as her Sole and Separate Property who acquired title as Armine
Petrosian  an Unmarried Woman and Sarkis Petrosyan, a Married Man, as his sole and separate property
as Joint Tenants**

hereby GRANT(s) to:    Simon Agopian and

**Mary Kodjoglian** , Husband and Wife as Joint Tenants

the real property in the City of Glendale, County of Los Angeles, State of California, described as:
Lot 16 of Tract No. 6664, in the City of Glendale, County of Los Angeles, State of California, as per Map recorded
in Book 82, Page 24 of Maps, in the Office of the County Recorder of said County.
**Also Known as:** 1626 Idlewood Road, Glendale, CA  91202

Dated September 8, 2016

_____
Armine Petrosian

_____
Sarkis Petrosyan

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to
which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF  Los Angeles
On  10-11-16   before me,  Deanna Sanchez   A Notary Public personally
appeared  Armine Petrosian   who proved to me on the
basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged
to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and
correct.
WITNESS my hand and official seal.

Signature_____    (Seal)

DEANNA SANCHEZ
Commission # 2033042
Notary Public - California
Los Angeles County
My Comm. Expires Jul 12, 2017

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS SHOWN ABOVE:

## ACKNOWLEDGMENT

A notary public or other officer completing this
certificate verifies only the identity of the
individual who signed the document to which this
certificate is attached, and not the truthfulness,
accuracy, or validity of that document.

State of California

County of Los Angeles_____

On 10-13-16_____ before me, Deanna Sanchez_____,

A Notary Public personally appeared _____ Sarkis Petrosyan_____

_____

_____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that he/she/they executed
the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the
instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature



DEANNA SANCHEZ
Commission # 2033042
Notary Public - California
Los Angeles County
My Comm. Expires Jul 12, 2017

(Seal)

# EXHIBIT 3



**This page is part of your document - DO NOT DISCARD**



## 20170501405



Pages:
0003

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**05/05/17 AT 08:00AM**

| | |
|---|---|
| FEES: | 25.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 25.00 |



**L E A D S H E E T**



201705050150035

00013682112



008311668

**SEQ:
05**

DAR - Title Company (Hard Copy)

**THIS FORM IS NOT TO BE DUPLICATED**

E467431                                                        R26

RECORDING REQUESTED BY:

**The Document Center**
Glendale, CA
**When Recorded Mail Document
and Tax Statement To:**
Simon Agopian
811 E. Palm Ave.
Burbank, CA 91504

05/05/2017

*20170501405*

Escrow No. 13866-C
Title Order No.

APN: 5629-012-003

# GRANT DEED

The undersigned grantor(s) declare(s)
Documentary transfer tax is $ _____ None 0 _____   City tax $ _____ None 0 _____

[   ] computed on full value of property conveyed, or
[   ] computed on full value less value of liens or encumbrances remaining at time of sale,
[   ] Unincorporated area   City of _____ Glendale _____

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
Simon Agopian, an unmarried man and Mary Kodjoglian, an unmarried woman who acquired title
as husband and wife as joint tenants

hereby GRANT(S) to
Simon Agopian, an unmarried man

"This is a bonafide gift and the grantor
received nothing in return. R & T 11911 "

the following described real property in the City of _____ Glendale _____
County of _____ Los Angeles _____ State of _____ California _____ :
Lot 16 of Tract No. 6664, in the City of Glendale, County of Los Angeles, State of
California, as per Map recorded in Book 82, Page 24 of Maps, in the Office of the County
Recorder of said County.

Commonly known as: 1626 Idlewood Rd., Glendale, CA. 91202

"THIS CONVEYANCE IS IN DISSOLUTION OF MARRIAGE BY ONE SPOUSE TO THE OTHER, R&T 11927."

DATED: April 25, 2017

_Simon Agopian_
Simon Agopian

_Mary Kodjoglian_
Mary Kodjoglian

# ACKNOWLEDGEMENT

A notary public or other completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF **California**

COUNTY OF **Los Angeles**

ON _APRIL 27TH, 2017_____ before me, _NAUSHABA S. AZAM_____, notary public, personally appeared **Simon Agopian, Mary Kodjoglian**

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

NAUSHABA S. AZAM
Commission # 2146783
Notary Public - California
Los Angeles County
My Comm. Expires Apr 15, 2020

FORM B104 (8/07)                                                      2007 USBC, Central District of California

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Page 2) | **ADVERSARYPROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFF(S)**<br>ELISSA D. MILLER, Chapter 7 Trustee for the Estate of Mary Kodjoglian | **DEFENDANT(S)**<br>SIMON AGOPIAN |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>EDWARD M. WOLKOWITZ (SBN 68298)<br>ANTHONY A. FRIEDMAN (SBN 201955)<br>LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.<br>10250 Constellation Boulevard, Suite 1700<br>Los Angeles, CA  90067<br>Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244 | **ATTORNEYS** (If Known) |

| **PARTY** (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE ABRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED): COMPLAINT FOR: (1) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER; (2) DECLARATORY RELIEF; (3) TURNOVER OF PROPERTY; AND (4) SALE OF INTEREST OF CO-OWNER IN PROPERTY OF THE ESTATE [California Civil Code § 3439, 11 U.S.C. §§ 363, 542 544, 548 and 550]

## NATURE OF SUIT
**(Number up to five (5) boxes starting with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)**

| **FRBP 7001(1) – Recovery of Money/Property** | **FRBP 7001(6) – Dischargeability (continued)** |
|---|---|
| ☒ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☒ 13-Recovery of money/property - §548 fraudulent transfer<br>☒ 14-Recovery of money/property - other | ☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation<br>     (other than domestic support)<br>☐ 65-Dischargeability - other |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien** | |
| ☐ 21-Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) – Injunctive Relief** |
| **FRBP 7001(3) – Approval of Sale of Property** | ☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other |
| ☒ 31-Approval of sale of property of estate and of a co-owner - §363(h) | **FRBP 7001(8) Subordination of Claim or Interest** |
| **FRBP 7001(4) – Objection/Revocation of Discharge** | ☐ 81-Subordination of claim or interest |
| ☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | **FRBP 7001(9) Declaratory Judgment** |
| **FRBP 7001(5) – Revocation of Confirmation** | ☒ 91-Declaratory judgment |
| ☐ 51-Revocation of confirmation | **FRBP 7001(10) Determination of Removed Action** |
| **FRBP 7001(6) – Dischargeability** | ☐ 01-Determination of removed claim or cause |
| ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false<br>     representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement,<br>     larceny | **Other: VIOLATION OF THE AUTOMATIC STAY (11 U.S.C. § 362)**<br><br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court<br>     if unrelated to bankruptcy case) |
| **(continued next column)** | |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand  N/A |

Other Relief Sought:
(a) for costs of suit incurred herein; (b) for reasonable attorney's fees as may be allowed by law; and (c) for such other relief as the court may deem just and proper.

FORM B104 (8/07), page 2                                    2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>**MARY KODJOGLIAN** | BANKRUPTCY CASE NO.<br>**2:18-bk-18245-RK** | |
| DISTRICT IN WHICH CASE IS PENDING<br>**CENTRAL** | DIVISIONAL OFFICE<br>**LOS ANGELES DIVISION** | NAME OF JUDGE<br>**THE HON. ROBERT KWAN** |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ *Anthony A. Friedman* | | |
| DATE<br>January 17, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Anthony A. Friedman | |