EDWARD M. WOLKOWITZ (SBN 68298)
emw@lnbyb.com
ANTHONY A. FRIEDMAN (SBN 201955)
aaf@lnbyb.com
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244

Proposed Attorneys for Plaintiff, Elissa D. Miller, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>**MARY KODJOGLIAN,**<br><br>Debtor.<br>_____<br><br>**ELISSA D. MILLER, Chapter 7 Trustee,**<br><br>Plaintiff,<br><br>v.<br><br>**SIMON AGOPIAN and ARMEN AGOPIAN,**<br><br>Defendants. | **CASE NO.:  2:18-bk-18245-RK**<br><br>**Chapter 7**<br><br><br>**Adv. No.  2:19-ap-        RK**<br><br>**COMPLAINT:**<br><br>(1)    **FOR DECLARATORY RELIEF;**<br><br>(2)    **TURNOVER OF PROPERTY; AND**<br><br>(3)    **SALE OF INTEREST OF CO-OWNER IN PROPERTY OF THE ESTATE;**<br><br>**[11 U.S.C. §§ 363 and 542]** |

**TO THE HONORABLE ROBERT N. KWAN, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Elissa D. Miller, Chapter 7 Trustee (the "Plaintiff" or "Trustee") for the bankruptcy estate of *In re Mary Kodjoglian* (the "Debtor"), avers as follows:

<u>**JURISDICTION AND VENUE**</u>

1.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and 11 U.S.C. §§ 363 and 542 and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 13-05, dated July 1, 2013.

2.     This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E) and (O).

3.     The Trustee consents to entry of final orders and judgments by the Bankruptcy Court.

4.     Venue is proper in this Court under 28 U.S.C. § 1409(a) as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this district.

<u>**PARTIES AND GENERAL ALLEGATIONS**</u>

5.     This bankruptcy case was commenced by the filing of a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, by the Debtor, on July 18, 2018 (the "Petition Date").

6.     Thereafter, Plaintiff Elissa D. Miller being duly qualified, was appointed and presently is the acting Chapter 7 Trustee of the Debtor's bankruptcy estate.

7.     The Trustee is informed and believes, and based thereon alleges that defendant Simon Agopian ("Simon") is an individual residing in Burbank, California and is subject to the jurisdiction of this Court.  Simon is the non-filing ex-spouse of the Debtor.

8.    The Trustee is informed and believes, and based thereon alleges that defendant Armen Agopian ("Armen") together with Simon the "Defendants") is an individual residing in Burbank, California and is subject to the jurisdiction of this Court.  Armen is the Debtor's son.

## **GENERAL ALLEGATIONS**

9.    The Trustee is informed and believes, and based thereon alleges that on or about November 7, 1985, the Debtor and Simon were married.

10.    The Trustee is informed and believes, and based thereon alleges that on or about August 8, 2017, a judgment for the dissolution of the Debtor and Simon's marriage was entered (the "Judgment").  A true and correct copy of the Judgment is attached hereto as **Exhibit "1"**. The Judgment provides that the Debtor and Simon do not have any community or separate property.

11.    The Trustee is informed and believes, and based thereon alleges that, during the Debtor and Simon's marriage, on or about October 28, 2011, Simon obtained title to that certain real property located at 811 E. Palm Avenue, Burbank, California 91501 (the "Property"), as a married man, as his sole and separate property, by way of Grant Deed recorded in the County of Los Angeles (the "Grant Deed").   A true and correct copy of the Grant Deed is attached hereto as **Exhibit "2"**.

12.    The Trustee is informed and believes, and based thereon alleges that, based upon testimony provided by the Debtor at her 11 U.S.C. § 341(a) meeting of creditors, community property funds were used to purchase and to service the expenses of the Property throughout the Debtor and Simon's marriage.

13.    The Trustee is informed and believes, and based thereon alleges that, based upon testimony provided by the Debtor at her 11 U.S.C. § 341(a) meeting of creditors, the Defendants reside at the Property.

14.    The Trustee reserves her right to supplement and amend the allegations contained in this Complaint, including, but not limited to, the right to (i) allege further information regarding

all Claims for Relief, including additional transfers of interests in the Debtor's assets or additional liabilities incurred by the Debtor, (ii) make modifications and/or revisions to Defendants' name(s), (iii) allege claims against additional defendants, and/or (iv) allege additional causes of action arising in connection with the law and facts set forth herein (collectively, the "Amendments"), that may become known to the Trustee at any time during this adversary proceeding through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

### FIRST CLAIM FOR RELIEF

**(Against Defendant Simon For Declaratory Relief)**

15.　　The Trustee realleges and incorporates herein by this reference the foregoing paragraphs 1 through 14 of this Complaint as if set forth in full herein.

16.　　At the time that Simon obtained title to the Property pursuant to the Grant Deed, the Debtor and Simon were married.

17.　　The Trustee is informed and believes, and based thereon alleges that community property funds were used to purchase and to service the expenses of the Property throughout the Debtor and Simon's marriage.

18.　　The Trustee is informed and believes, and based thereon alleges that the community maintains an interest in the Property in accordance with *In re Marriage of Moore*, 28 Cal.3d 366 (1980) and *In re the Marriage of Marsden*, 130 Cal.App.3d 426 (1982), which interest in property of the Debtor's estate pursuant to 11 U.S.C. § 541(a)(2).　Therefore, the community property interest in the Property can be sold in its entirety by the Trustee in accordance with 11 U.S.C. §541(a)(2) and reliance on *Moore/Marsden.*

19.　　The Trustee seeks judicial determination by this Court that the community property interest in the Property can be sold in its entirety by the Trustee in accordance with 11 U.S.C. §541(a)(2) and reliance on *Moore/Marsden.*

/ / /

**SECOND CLAIM FOR RELIEF**

**(Against Defendants For Turnover of Property - 11 U.S.C. § 542)**

20.    The Trustee incorporates herein by reference the foregoing paragraphs 1 through 19 of this Complaint as if set forth fully herein.

21.    The Property constitutes property of the estate pursuant to 11 U.S.C. § 541.

22.    The Trustee is informed and believes, and based thereon alleges that the Defendants are in possession, custody and control of the Property.

23.    The Property should be turned over to the Trustee pursuant to 11 U.S.C. § 542 so the Property can be marketed and sold for the benefit of the Debtor's creditors.

**THIRD CLAIM FOR RELIEF**

**(Against Simon To Sell Interest of Co-Owners – 11 U.S.C. § 363(h))**

24.    The Trustee incorporates herein by reference the foregoing paragraphs 1 through 23 of this Complaint as if set forth in full herein.

25.    To the extent that Simon has a separate property interest in the Property, the Trustee desires to sell both the estate's interest in the Property together with the remaining interest in the Property of Simon.

26.    The Trustee is informed and believes and based thereon alleges that partition in kind of the Property between the estate and Simon is impracticable.

27.    The Trustee is informed and believes and based thereon alleges that the sale of the estate's undivided interest in the Property would realize significantly less for the estate than the sale of the Property free of the interest of Simon.

28.    The Trustee is informed and believes and based upon such information and belief alleges that the benefit to the estate of a sale of the Property free of the interest of Simon outweighs the detriment, if any, to Simon.

29.    The Trustee is informed and believes and based upon such information and belief alleges that the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Trustee prays for judgment as follows:

On the First Claim for Relief:

A.    A judicial determination by this Court that the community property interest in the Property can be sold in its entirety by the Trustee in accordance with 11 U.S.C. §541(a)(2) and reliance on *Moore/Marsden;* and

B.    For such other and further relief as the Court deems just and proper.

On the Second Claim for Relief:

C.    For a judgment compelling the Defendants to turn over the Property to the Trustee pursuant to 11 U.S.C. § 542; and

D.    For such other and further relief as the Court deems just and proper.

On the Third Claim for Relief

E.    For a judgment permitting the Trustee to sell the interest of the bankruptcy estate and the interests of Simon in the Property pursuant to 11 U.S.C. § 363(h); and

F.    For such other and further relief as the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

<u>As to All Claims for Relief:</u>

      G.    For costs of suit incurred herein, including, without limitation, attorneys' fees.

      H.    For such other and further relief, which this Court deems just and appropriate.

DATED: January 17, 2019        LEVENE, NEALE, BENDER,
                    YOO & BRILL L.L.P.


                    By:   /s/ Anthony A. Friedman
                        EDWARD M. WOLKOWITZ
                        ANTHONY A. FRIEDMAN
                Proposed Attorneys for Plaintiff, Elissa D. Miller,
                Chapter 7 Trustee for the Bankruptcy Estate
                of Mary Kodjoglian

# EXHIBIT 1

FL-190

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):

Mary Kodjoglian
52 Glenflow Court
Glendale, CA 91206

TELEPHONE NO: (818) 731-6083    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): In Pro Per

**FOR COURT USE ONLY**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 08 2017

Sherri R. Carter, Executive Officer/Clerk
By: Karli Xanthos, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 300 E. Walnut St.
MAILING ADDRESS: 300 E. Walnut St.
CITY AND ZIP CODE: Pasadena, CA 91101
BRANCH NAME: Northeast District

PETITIONER: Mary Kodjoglian

RESPONDENT: Simon Agopian

| NOTICE OF ENTRY OF JUDGMENT | CASE NUMBER:<br>GD 061695 |
|---|---|

You are notified that the following judgment was entered on *(date)*:  AUG 0 8 2017

1. [X] Dissolution
2. [ ] Dissolution - status only
3. [ ] Dissolution - reserving jurisdiction over termination of marital status or domestic partnership
4. [ ] Legal separation
5. [ ] Nullity
6. [ ] Parent-child relationship
7. [ ] Judgment on reserved issues
8. [ ] Other *(specify)*:

Date:  AUG 0 8 2017

SHERRI R. CARTER    Clerk, by  K Xanthos                          , Deputy

**-NOTICE TO ATTORNEY OF RECORD OR PARTY WITHOUT ATTORNEY-**

Under the provisions of Code of Civil Procedure section 1952, if no appeal is filed the court may order the exhibits destroyed or otherwise disposed of after 60 days from the expiration of the appeal time.

---

**STATEMENT IN THIS BOX APPLIES ONLY TO JUDGMENT OF DISSOLUTION**
Effective date of termination of marital or domestic partnership status *(specify)*:  NOV 0 3 2017
**WARNING:** Neither party may remarry or enter into a new domestic partnership until the effective date of the termination of marital or domestic partnership status, as shown in this box.

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that I am not a party to this cause and that a true copy of the *Notice of Entry of Judgment* was mailed first class, postage fully prepaid, in a sealed envelope addressed as shown below, and that the notice was mailed

at *(place)*: PASADENA                California, on *(date)*:  SEP 13 2017

Date: SEP 13 2017    SHERRI R. CARTER    Clerk, by  K Xanthos                          , Deputy

Name and address of petitioner or petitioner's attorney
Mary Kodjoglian
52 Glenflow Court
Glendale, CA 91206

Name and address of respondent or respondent's attorney
Simon Agopian
1626 Idlewood Rd.
Glendale, CA 91202

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
FL-190 [Rev. January 1, 2005]

Martin Dean's
ESSENTIAL FORMS™

**NOTICE OF ENTRY OF JUDGMENT**
**(Family Law-Uniform Parentage-Custody and Support)**

Family Code, §§ 2338, 7636, 7637
www.courtinfo.ca.gov

Mary Kodjoglian

FL-180

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*

Mary Kodjoglian
52 Glenflow Court
Glendale, CA 91206
TELEPHONE NO.: (818) 731-6083    FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: In Pro Per

**FOR COURT USE ONLY**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 08 2017

Sherri R. Carter, Executive Officer/Clerk
By: Karli Xanthos, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 300 E. Walnut St.
MAILING ADDRESS: 300 E. Walnut St.
CITY AND ZIP CODE: Pasadena, CA 91101
BRANCH NAME: Northeast District

**MARRIAGE OR PARTNERSHIP OF**
PETITIONER: Mary Kodjoglian
RESPONDENT: Simon Agopian

**JUDGMENT**

[X] DISSOLUTION    [ ] LEGAL SEPARATION    [ ] NULLITY
  [ ] Status only
  [ ] Reserving jurisdiction over termination of marital or domestic
    partnership status
  [ ] Judgment on reserved issues
Date marital or domestic partnership status ends: NOV 03 2017

**CASE NUMBER:**
GD 061695

1. [ ] This judgment [ ] contains personal conduct restraining orders [ ] modifies existing restraining orders.
    The restraining orders are contained on page(s) _____ of the attachment. They expire on *(date)*:

2. This proceeding was heard as follows: [X] Default or uncontested [X] By declaration under Family Code section 2336
  [ ] Contested    [ ] Agreement in court
  a. Date: AUG 08 2017    Dept.: V    Room:
  b. Judicial officer *(name)*: MARJORIE S. STEINBERG    [ ] Temporary judge
  c. [ ] Petitioner present in court *(name)*:    [ ] Attorney present in court *(name)*:
  d. [ ] Respondent present in court *(name)*:    [ ] Attorney present in court *(name)*:
  e. [ ] Claimant present in court *(name)*:    [ ] Attorney present in court *(name)*:
  f. [ ] Other *(specify name)*:

3. The court acquired jurisdiction of the respondent on *(date)*: 5/2/2017
  a. [X] The respondent was served with process.
  b. [ ] The respondent appeared.

**THE COURT ORDERS, GOOD CAUSE APPEARING**

4. a. [X] Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the
    status of single persons
    (1) [X] on *(specify date)*: NOV 03 2017
    (2) [ ] on a date to be determined on noticed motion of either party or on stipulation.
  b. [ ] Judgment of legal separation is entered.
  c. [ ] Judgment of nullity is entered. The parties are declared to be single persons on the ground of *(specify)*:

  d. [ ] This judgment will be entered nunc pro tunc as of *(date)*:
  e. [ ] Judgment on reserved issues.
  f. The [ ] petitioner's [ ] respondent's former name is restored to *(specify)*:
  g. [ ] Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
  h. [ ] This judgment contains provisions for child support or family support. Each party must complete and file with the court a
    *Child Support Case Registry Form* (form FL-191) within 10 days of the date of this judgment. The parents must notify the
    court of any change in the information submitted within 10 days of the change, by filing an updated form. The *Notice*
    *of Rights and Responsibilities—Health-Care Costs and Reimbursement Procedures and Information Sheet on Changing a*
    *Child Support Order* (form FL-192) is attached.

Form Adopted for Mandatory Use
Judicial Council of California
FL-180 [Rev. July 1, 2012]
Martin Dean's
ESSENTIAL FORMS

**JUDGMENT**
**(Family Law)**

Family Code, §§ 2024, 2340,
2343, 2348
www.courts.ca.gov

Page 1 of 2

Mary Kodjoglian

FL-180

| CASE NAME (Last name, first name of each party): | CASE NUMBER: |
|---|---|
| Kodjoglian, Mary v. Agopian, Simon | GD 061695 |

4.  i. ☐ The children of this marriage or domestic partnership are:

(1) ☐  Name                                                          Birthdate

(2) ☐  Parentage is established for children of this relationship born prior to the marriage or domestic partnership

j. ☐ Child custody and visitation (parenting time) are ordered as set forth in the attached
(1) ☐  Settlement agreement, stipulation for judgment, or other written agreement which contains the information
required by Family Code section 3048(a).
(2) ☐  *Child Custody and Visitation Order Attachment* (form FL-341).
(3) ☐  *Stipulation and Order for Custody and/or Visitation of Children* (form FL-355).
(4) ☐  Previously established in another case. Case number:                      Court:

k. ☐ Child support is ordered as set forth in the attached
(1) ☐  Settlement agreement, stipulation for judgment, or other written agreement which contains the declarations
required by Family Code section 4065(a).
(2) ☐  *Child Support Information and Order Attachment* (form FL-342).
(3) ☐  *Stipulation to Establish or Modify Child Support and Order* (form FL-350).
(4) ☐  Previously established in another case. Case number:                      Court:

l. ☒ Spousal, domestic partner, or family support is ordered:
(1) ☐  Reserved for future determination as relates to   ☐ petitioner   ☐ respondent
(2) ☐  Jurisdiction terminated to order spousal or partner support to   ☐ petitioner   ☐ respondent
(3) ☐  As set forth in the attached *Spousal, Partner, or Family Support Order Attachment* (form FL-343).
(4) ☐  As set forth in the attached settlement agreement, stipulation for judgment, or other written agreement.
(5) ☒  Other *(specify):* See Marital Settlement Agreement.

m. ☒ Property division is ordered as set forth in the attached
(1) ☐  Settlement agreement, stipulation for judgment, or other written agreement.
(2) ☐  *Property Order Attachment to Judgment* (form FL-345).
(3) ☒  Other *(specify):*  See Marital Settlement Agreement.

n. ☐ Attorney fees and costs are ordered as set forth in the attached
(1) ☐  Settlement agreement, stipulation for judgment, or other written agreement.
(2) ☐  *Attorney Fees and Costs Order* (form FL-346).
(3) ☐  Other *(specify):*

o. ☒ Other *(specify):*  There are no minor children of the parties. See Marital
Settlement Agreement.

Each attachment to this judgment is incorporated into this judgment, and the parties are ordered to comply with each attachment's
provisions. Jurisdiction is reserved to make other orders necessary to carry out this judgment.

Date:

5. Number of pages attached: _06_

JUDICIAL OFFICER
☒ SIGNATURE FOLLOWS LAST ATTACHMENT

**NOTICE**
Dissolution or legal separation may automatically cancel the rights of a spouse or domestic partner under the other spouse's or
domestic partner's will, trust, retirement plan, power of attorney, pay-on-death bank account, transfer-on-death vehicle registration,
survivorship rights to any property owned in joint tenancy, and any other similar property interest. It does not automatically cancel the
rights of a spouse or domestic partner as beneficiary of the other spouse's or domestic partner's life insurance policy. You should
review these matters, as well as any credit cards, other credit accounts, insurance policies, retirement plans, and credit reports, to
determine whether they should be changed or whether you should take any other actions.
A debt or obligation may be assigned to one party as part of the dissolution of property and debts, but if that party does not pay the
debt or obligation, the creditor may be able to collect from the other party.
An earnings assignment may be issued without additional proof if child, family, partner, or spousal support is ordered.
Any party required to pay support must pay interest on overdue amounts at the "legal rate," which is currently 10 percent.

FL-180 [Rev. July 1, 2012]                                        **JUDGMENT**                                        Page 2 of 2
Martin Dean's                                                        **(Family Law)**
ESSENTIAL FORMS™                                                                              Mary Kodjoglian

# MARITAL SETTLEMENT AGREEMENT
## CASE NO: GD 061695

I, MARY KODJOGLIAN, Petitioner, and I, SIMON AGOPIAN, Respondent, agree as follows:

I. **GENERALLY:** We are now husband and wife. We were married on 11/07/1985, and separated on 03/01/2016. We make this agreement with reference to the following facts:

    A. **Children:** There are no minor children of the parties.

    B. Unhappy and irreconcilable differences have arisen between us which have caused the irremediable breakdown of our marriage.

    C. We now intend, by this agreement, to make final and complete settlement of all our rights and obligations concerning spousal support and division of the marital property and debts.

II. **SEPARATION:** We agree to live separately and apart, and except for the duties and obligations imposed and assumed under this agreement, each shall be free from interference and control of the other as fully as if he or she were single.

III. **SPOUSAL SUPPORT:** The parties agree that the following amount of spousal support does completely meet the current needs of the recipient for support.

    A. In consideration of the other terms of this agreement, and whereas both parties are fully self-supporting, both parties voluntarily waive their right to receive spousal support from the other party, now or at any time in the future, and agree that no court shall have jurisdiction to order spousal support in the future. The parties agree that the earning capacity of each party is sufficient to maintain the standard of living established during the marriage. The parties understand that either party could ask the court to

INITIALS
_M K._ (MK)
_S. A._ (SA)

retain jurisdiction over the subject of spousal support. The parties acknowledge their right to a hearing in this matter and waive all such rights. The parties understand that, if requested by either party, the court is required by law to reserve spousal support for long-term marriages of over ten years, and may do so for marriages shorter than ten years. Even so, each party waives the right to receive spousal support now or any time in the future.

B. The parties stipulate and agree that said spousal support waiver is final, irrevocable, and cannot be modified by Court order in amount or duration for any reason whatsoever, regardless of a change of circumstances of either or both of the parties or for any other reason or cause, including illness or medical condition of any nature or kind, change of employment, or change in the respective income of the parties. The parties agree that no court shall have or retain jurisdiction, authority, or power to alter, modify, reduce, or extend the termination date or otherwise order any spousal support payments beyond the date of entry of judgment. The parties agree that the judgment will terminate forever both parties' rights to request spousal support. Each party waives their rights under *In re Marriage of Vomacka* (1984) 36 Cal.3d. 459 and all subsequent cases.

## IV.    DIVISION OF COMMUNITY PROPERTY AND DEBTS: The parties agree as follows:

A. Petitioner shall be awarded and assigned the following assets as her share of the community property:

    There are no community assets to be assigned to the Petitioner.

B. Respondent shall be awarded and assigned the following assets as his share of the community property:

    There are no community assets to be assigned to the Respondent.

C. Petitioner shall pay the following debts promptly when due, and indemnify and hold Respondent harmless therefrom:

INITIALS
(MK)
(SA)

There are no community debts to be assigned to the Petitioner.

D. Respondent shall pay the following debts promptly when due, and indemnify and hold Petitioner harmless therefrom:

There are no community debts to be assigned to the Respondent.

V.    **DIVISION OF SEPARATE PROPERTY AND DEBTS:** The parties agree as follows:

A. Petitioner shall be awarded and assigned the following assets as her separate property:

There are no separate property assets to be assigned to the Petitioner.

B. Respondent shall be awarded and assigned the following assets as his separate property:

There are no separate property assets to be assigned to the Respondent.

C. Petitioner shall pay the following separate debts promptly when due, and indemnify and hold Respondent harmless therefrom:

There are no separate property assets to be assigned to the Petitioner.

D. Respondent shall pay the following debts promptly when due, and indemnify and hold Petitioner harmless therefrom:

There are no separate property debts to be assigned to the Respondent.

VI.    **PENSION PLAN WAIVER:** The parties agree that any separately held pension and/or retirement plans shall remain the sole and exclusive property of the individual in whose name said policies exist.

VII.    **TAXES:** The parties agree as follows:

A. Both parties shall each file separate returns from the current calendar year.

INITIALS


(MK)
_S.A._ (SA)

3

MARITAL SETTLEMENT AGREEMENT

VIII.  **RESERVATION OF JURISDICTION:** The parties agree that the court shall have jurisdiction to make whatever orders may be necessary or desirable to carry out this agreement and to divide equally between the parties any community assets or liabilities omitted from division under this agreement.

IX.  **ADVICE OF COUNSEL:** The parties recognize that the termination of the marriage, issues of spousal support and division of marital property and debts will be determined by this instrument. We recognize that we each have the right to seek advice from independent counsel of our own choosing and that we knowingly and with due regard for the importance of same have elected to proceed with this agreement.

X.  **EXECUTION OF INSTRUMENTS:** Each agrees to execute and deliver any documents, make all endorsements, and do all acts which are necessary or convenient to carry out the terms of this agreement shall be preserved.

XI.  **PRESENTATION TO COURT:** This agreement shall be presented to the court in any divorce proceeding between the parties, it shall be incorporated into the Judgment therein, the parties shall be ordered to comply with all its provisions and all warranties and remedies provided in this agreement shall be preserved.

XII.  **DISCLOSURES:** Each party has made a full and honest disclosure to the other of all current finances and assets, and each enters into this agreement in reliance thereon. Each warrants to the other and declares under penalty of perjury that the assets and liabilities divided in this agreement constitute all of their community assets and liabilities.



INITIALS
_____(MK)
_____(SA)

XIII. **BINDING EFFECT:** This agreement, and each provision thereof, is expressly made binding upon heirs, assigns, executors, administrators, representatives, and successors in interest of each party.

DATED: _07/06/17_     _____
                              MARY KODJOGLIAN, Petitioner, In Pro Per

DATED: _7-10-17_     _____
                              SIMON AGOPIAN, Respondent, In Pro Per

BY THE COURT IT IS SO ORDERED:

DATED: AUG 0 8 2017     _____
                              JUDGE OF THE SUPERIOR COURT

INITIALS
_____ (MK)
_____ (SA)

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                                    CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                           )
County of _Los Angeles_                      )

On _7-10-17_ before me, _Shabbir Azam Notary Public_,
    Date                                    Here, Insert Name and Title of the Officer

personally appeared _Simon Agopian_
                                 Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

```
        SHABBIR AZAM
        COMM. # 2147421
    NOTARY PUBLIC · CALIFORNIA
       Los Angeles County
    My Comm. Exp. Apr. 21, 2020
```

Signature _____
                        Signature of Notary Public

_____ Place Notary Seal Above _____

━━━━━━━━━━━━━━━━ **OPTIONAL** ━━━━━━━━━━━━━━━━
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _____   Document Date: _____
Number of Pages: _____   Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| Signer's Name: _____ | Signer's Name: _____ |
|---|---|
| ☐ Corporate Officer — Title(s): _____ | ☐ Corporate Officer — Title(s): _____ |
| ☐ Partner — ☐ Limited ☐ General | ☐ Partner — ☐ Limited ☐ General |
| ☐ Individual       ☐ Attorney in Fact | ☐ Individual       ☐ Attorney in Fact |
| ☐ Trustee       ☐ Guardian or Conservator | ☐ Trustee       ☐ Guardian or Conservator |
| ☐ Other: _____ | ☐ Other: _____ |
| Signer Is Representing: _____ | Signer Is Representing: _____ |

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907

# EXHIBIT 2

**This page is part of your document - DO NOT DISCARD**



## 20111465113



**Pages:**
**0002**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**10/28/11 AT 12:14PM**

| | |
|---|---|
| FEES: | 49.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 49.00 |

**L E A D S H E E T**

201110281890019

00004874130

003588961

**SEQ:**
**01**

DAR - Counter (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

E583741

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:

Mr. Simon Agopian
811 East Palm Avenue
Burbank, CA  91501

THIS SPACE FOR RECORDER'S USE ONLY:

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
**DOCUMENTARY TRANSFER TAX is $NONE**
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area    [X]  City of Burbank AND

**"This is a bonafide gift and the grantor received nothing in return, R & T 11911."**

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Mery Kazaryan, a Single Woman**

hereby GRANT(s) to:

**Simon Agopian, a Married Man, as his sole and separate property**

the real property in the City of Burbank, County of Los Angeles, State of California, described as:
Lot 15 of Block 9 of Town of Burbank, in the City of Burbank, County of Los Angeles, State of California, as per
Map recorded in Book 17, Page 19 et seq. Miscellaneous Maps, in the Office of the County Recorder of said
County.
Also Known as: 811 East Palm Avenue, Burbank, CA  91501
AP#: 2456-009-015

DATED October 26, 2011
STATE OF _CALIFORNIA_
COUNTY OF _LOS ANGELES_
On _October 27, 2011_
before me, _RUBEN DASHNAKYAN_
A Notary Public in and for said State personally appeared
_MERY KAZARYAN_

_____ _Mery Kazaryan_

who proved to me on the basis of satisfactory evidence to be
the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies),
and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State
of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

```
RUBEN DASHNAKYAN
Commission # 1946649
Notary Public - California
Los Angeles County
My Comm. Expires Aug 10, 2015
```

(Seal)

Signature _____
MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

FORM B104 (8/07)                                                                                     2007 USBC, Central District of California

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Page 2) | **ADVERSARYPROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFF(S)**<br>ELISSA D. MILLER, Chapter 7 Trustee for the Estate of Mary Kodjoglian | **DEFENDANT(S)**<br>SIMON AGOPIAN and ARMEN AGOPIAN |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>EDWARD M. WOLKOWITZ (SBN 68298)<br>ANTHONY A. FRIEDMAN (SBN 201955)<br>LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.<br>10250 Constellation Boulevard, Suite 1700<br>Los Angeles, CA  90067<br>Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244 | **ATTORNEYS** (If Known) |

| **PARTY** (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE ABRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED): COMPLAINT FOR: (1) DECLARATORY RELIEF; (2) TURNOVER OF PROPERTY; AND (3) SALE OF INTEREST OF CO-OWNER IN PROPERTY OF THE ESTATE [11 U.S.C. §§ 363 and 542]

## NATURE OF SUIT
(Number up to five (5) boxes starting with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| **FRBP 7001(1) – Recovery of Money/Property**<br><br>☒ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br><br>☐ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br><br>☒ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br><br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br><br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br><br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false<br>    representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement,<br>    larceny<br><div align="right">**(continued next column)**</div> | **FRBP 7001(6) – Dischargeability (continued)**<br><br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation<br>    (other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br><br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br><br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br><br>☒ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br><br>☐ 01-Determination of removed claim or cause<br><br>**Other: VIOLATION OF THE AUTOMATIC STAY (11 U.S.C. § 362)**<br><br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court<br>    if unrelated to bankruptcy case) |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand  N/A |

Other Relief Sought:
(a) for costs of suit incurred herein; (b) for reasonable attorney's fees as may be allowed by law; and (c) for such other relief as the court may deem just and proper.

FORM B104 (8/07), page 2                                              2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>**MARY KODJOGLIAN** | BANKRUPTCY CASE NO.<br>**2:18-bk-18245-RK** | |
| DISTRICT IN WHICH CASE IS PENDING<br>**CENTRAL** | DIVISIONAL OFFICE<br>**LOS ANGELES DIVISION** | NAME OF JUDGE<br>**THE HON. ROBERT KWAN** |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ *Anthony A. Friedman* | | |
| DATE<br>January 17, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Anthony A. Friedman | |